## NASH a. FREDERICKS.

*Supreme Court, First District; General Term, February,* 1861.

### ACTION FOR CHATTELS.—PARTIES.

After goods had been wrongfully taken from the possession of one who held a part of them as consignee and a part as owner, he assigned them and the right to take possession to the consignor and former owner.

*Held*, that the assignee could not maintain an action to recover possession from the wrongdoer, he having meanwhile parted with possession.

Appeal from a judgment.

*John E. Parsons*, for the plaintiffs.

*A. R. Dyett*, for the defendant.

By THE COURT.—SUTHERLAND, J.—In my opinion, the judgment in the case should be set aside, and a new trial ordered, on the ground that the justice before whom the case was tried erred in not dismissing the complaint, on the motion of the defendant Fredericks. He moved to dismiss the complaint, on the ground that he did not have the possession or control of the goods, for the possession of which this action was brought, at the time of the commencement of the action.

The learned judge denied the motion, deciding that the action might be maintained, although at the time of the commencement of the action he had parted with the goods, and had not the possession or control of them.

This motion was made after all the evidence was in, and I think it fair to assume from the evidence, as the justice did in deciding the motion, that Fredericks was not in possession, and had not the control of the goods when the action was commenced.

The plaintiffs certainly did not prove that Fredericks had possession when the action was commenced, and he in his answer alleges, that at the time of the commencement of the action no part of the goods were in his possession or under his control, and that he did not know, and had not any knowledge or information sufficient to form a belief, in whose possession or under whose control they were.

The complaint is for the wrongful taking and carrying away the goods from the plaintiffs, and the wrongful detention of the same from the plaintiffs.

The wrongful taking and carrying away was from Winchester, to whom the plaintiffs had consigned a portion, and sold the remainder of the goods claimed.

Assuming, on the authority of the decision in Rockaway *a.* Burnap (16 *Barb.*, 309), that, had this action been brought by

Winchester, the refusal of the justice to dismiss the complaint would have been right, because there had been an unlawful taking, yet Winchester, by the instrument or assignment of the 28th of April, 1857, to the plaintiffs, could not and did not assign the trespass committed on him, so as to give the plaintiffs a pretence for saying that the goods were unlawfully taken from them.

Assuming that the plaintiffs, under the assignment from Winchester, or by virtue of their original title, or through both, were the owners of the goods when the action was brought, and had demanded them of Fredericks, yet, as there was no tortious taking from the plaintiffs, indeed no taking at all from them, I do not think this action could be maintained against him, conceding that he had parted with the possession, and all control of the goods, before the action was brought. The case of Brockway *a.* Burnap (16 *Barb.*, 309), above cited, must have been decided on the ground that the fraud of the defendant made the original taking or receiving from the plaintiff tortious. The broad foundation stated by the judge in that case, at the conclusion of his opinion, is, I think, too broad to be supported by the Code.

The Code abolishes all forms of action, but it allows and regulates actions for money, and for personal property or chattels.

The plaintiffs in this case did not bring their action for money, or for damages for the unlawful conversion of the goods, but for the goods themselves; and it seems to me absurd to say that a defendant unlawfully detains property which is neither in his possession nor under his control. The plaintiffs cannot avail themselves in this action of the fact that Fredericks committed a trespass upon Winchester.

As to them, Fredericks' possession must be deemed lawful, certainly until a demand was made for the goods; and if Fredericks, when the demand was made, had control of the goods, yet if in fact he had parted with the goods and all control of them before this action for the possession of the goods was brought, I do not think it can be maintained.

Besides, there is no evidence that the plaintiffs ever informed Fredericks of the assignment or agreement executed by Winchester, after the taking of the goods by the defendants, under

which they claimed title to at least a portion of the goods, and the right to take possession of the whole; and assuming that the plaintiffs did demand the goods of Fredericks before suit, of which the evidence is very slight, and that Fredericks, at the time of such demand, had control of the goods, yet, taking into view the conceded circumstances under which Fredericks took the goods from Winchester, and under which Winchester came into possession of them, it can hardly be said that Fredericks' detention was unlawful as to the plaintiffs, when he had never been informed of their claims of a right of possession through the agreement or assignment of Winchester.

HOGEBOOM, J.—I concur in granting a new trial, with costs to abide the event.

BONNEY, J., dissented.

---

THE PEOPLE *on rel.* HACKLEY *a.* KELLY.

*Supreme Court, First District ; General Term, May,* 1861.

HABEAS CORPUS.—PRIVILEGE OF WITNESS.—GRAND JURY.—
CONTEMPT.

The constitutional provision, that no person shall be compelled, in any criminal case, to be a witness against himself, exempts the witness only where the matter or trial under investigation is criminal, and is against himself. No one who is not a defendant can claim the exemption.

The provision of section 52 of the charter of the city of New York (1 *Laws of* 1857, 894), that a person guilty of bribery may be compelled to testify respecting it, but his testimony cannot be used against him—is not unconstitutional.

It is not necessary that a commitment of a witness for refusing to testify in such a case, should show affirmatively that he was not entitled to the privilege, even though the commitment state that he claimed the privilege.

Where the witness refused to testify before the grand jury in their private session, and was then brought before the Court of Sessions, and for his refusal was committed ;—*Held*, that the commitment was regular. The oath of secrecy taken by the grand jury is not violated by their reporting to the court the contumacy of a witness. The jurors are a part of the court, and the court has power to